Argued and submitted August 5, affirmed October 14, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## EARL GEORGE JOHNSON,
*Appellant.*

(86-07604; CA A43323)

743 P2d 1121

Brad Garber, Eugene, argued the cause for appellant. On the brief were Donald A. Bick and Bick & Monte, Eugene.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and David Schuman, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant was found guilty of operating an over-weight combination of vehicles on a Lane County road without a county weight variance permit. ORS 818.020;[1] ORS 818.200. He appeals, contending that a variance permit was not required. We affirm.

General weight limitations are established by ORS 818.010, and driving or moving a vehicle exceeding them on a highway constitutes a violation. ORS 818.020. However, ORS 818.030 establishes exemptions from those weight limitations. ORS 818.030(6) provides an exemption to the extent that weight limitations are modified under ORS 810.060 by a "road authority," which includes a county. ORS 810.010(2). ORS 818.030(7) allows an exemption by a variance permit issued under ORS 818.200. ORS 810.050(2) grants road authorities the authority to increase weight limits on their own highways,

"subject to all of the following:

"(a)  A road authority may not exercise the authority to establish a * * * weight limit that exceeds the maximum authorized by the [Department of Transportation].

"(b)  The road authority shall exercise the authority either by adoption of a rule, resolution or ordinance under ORS 810.060 or by issuance of variance permits under ORS 818.200."

ORS 810.060 provides, in pertinent part:

"A road authority shall adopt a rule, resolution or ordinance to allow vehicles or combinations of vehicles with a loaded weight in excess of the weight limitations established in Table III under ORS 818.010 * * * to be operated over any highway of the road authority if the road authority determines that the highway is capable of carrying greater weight * * *."

ORS 818.200 provides, in pertinent part:

---

[1] ORS 818.020 provides, in pertinent part:

"(1)  A person commits the offense of violating maximum weight limits if the person does any of the following:

"(a)  Drives or moves on a highway any vehicle or combination of vehicles that exceed the weight limits established under ORS 818.010."

The maximum weight limit established under ORS 818.010 for defendant's vehicle was 80,000 pounds, and defendant's combination of vehicles, a tractor-trailer with a second trailer attached, weighed 99,400 pounds.

"(1)   A road authority may issue a variance permit if it determines the public interests will be served. A variance permit issued under this section may allow any vehicle, combination of vehicles, load article, property, machine or thing to move over any highway or street under the jurisdiction of the road authority without violation of any of the following:

"(a)   Maximum weight limits under ORS 818.020."

Defendant first contends that he did not require a variance permit under ORS 818.200, because the county failed to comply with the statutory duty to establish maximum weight limits under ORS 810.060. Defendant misreads ORS 810.060. That statute cannot reasonably be construed to obligate the county to set maximum weight limits for all of its roads. It states that weight limits for a particular highway in excess of those established in ORS 818.010 "shall" be adopted "*if* the road authority determines that [that] highway is capable of carrying greater weight." (Emphasis supplied.) There is no affirmative duty to set limits in excess of those in ORS 818.010 absent such a determination. Furthermore, the fact that the county did not make that determination does not extinguish the requirement that defendant obtain a variance permit under ORS 818.200, because the county may choose to establish weight limits in excess of those set by the state "either [by following the procedures set forth in] ORS 810.060 or by issuance of variance permits under ORS 818.200." ORS 818.050(2)(b).

Contrary to his contention that the county has failed to establish maximum weight limits for its roads, defendant alternatively asserts that the county has adopted through use or by implication a "rule" within the meaning of ORS 810.060 that establishes a maximum weight of 104,000 pounds for the road on which he was stopped, thereby eliminating the need for a variance permit under ORS 818.200. He relies on a "Hauling Permit Map" of Lane County that was introduced in evidence and which, apparently, shows the weight that each county road is capable of bearing.[2] He contends that the

---

[2] The copies of that map contained in the record and appended to defendant's brief are so reduced in size that the writings on them are indecipherable. The parties, however, agree that the map distinguishes between county roads capable of bearing loads up to 96,000 pounds and those capable of bearing loads up to 104,000 pounds. The district attorney, in argument to the trial court, stated that the map was developed in the late 1970's by county engineers to aid the county in deciding whether to

county's use of that map in issuing variance permits amounts to an informal adoption of a "rule, resolution or ordinance" within the meaning of ORS 810.060. We disagree. Because of the contexts in which those words are repeatedly used in ORS 810.060,[3] we find the conclusion inescapable that the legislature intended that a "rule, resolution or ordinance" be adopted through a formal legislative or administrative process by a politically accountable body. Defendant does not dispute that the county did not do that here. The map and its use do not amount to a "rule, resolution or ordinance."

Affirmed.

---

grant weight variance permits, implying that it set the limits for allowable variance permits. A copy of the map is apparently appended to each weight variance permit issued by the County.

[3] ORS 810.060 provides, in pertinent part:

"The authority [to increase weight limitations beyond those established in ORS 818.010] is subject to all of the following:

"(1) The authority may only be exercised by rule, resolution or ordinance.
"* * * * *

"(3) The provisions of any rule, resolution or ordinance adopted under this section may be amended, rescinded or repealed at any time.
"* * * * *

"(5) A rule, resolution or ordinance adopted under this section shall fix the maximum loaded weight * * * and types and classes of vehicles or combinations of vehicles that may be operated on the highway or sections of highways described in the rule, resolution or ordinance.

"(6) A duplicate original of a rule or resolution adopted by the [D]epartment [of Transportation] under this section and an amendment to or repeal of a rule or resolution by the department shall be filed with the Secretary of State. This subsection does not require an ordinance adopted by a city or county under this section to be filed with the Secretary of State.

"(7) After the effective date of a rule, resolution or ordinance adopted under this section, a variance permit under ORS 818.200 is not required for the operation upon the described highway of a vehicle or combination of vehicles that is not in excess of the maximum loaded weight * * * fixed by the rule, resolution or ordinance for vehicles or combinations of vehicles of that type or class."